UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL BOZAK, individually and on behalf of others similarly situated,<br>      Plaintiff,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br>      Defendant. | CIVIL ACTION NO:<br><br><br><br><br>MAY 4, 2011 |

COLLECTIVE ACTION COMPLAINT

Plaintiff Michael Bozak, on his own behalf and on behalf of others similarly situated, by and through his undersigned counsel, hereby alleges as follows:

I.    **Introduction**

1. This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to remedy widespread violations by Defendant FedEx Ground Package System, Inc. that have deprived plaintiff, a Service Manager in the company's Linehaul department, along with all other Service Managers in Defendant's Linehaul department ("Linehaul Service Managers"), of overtime wages to which they are entitled.

2. This Complaint is also brought under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.*, on behalf of plaintiff individually.

3. Under the FLSA and the CMWA, employees must be paid 1.5 times their regular hourly rate for all hours worked over 40 in one week, unless they qualify for a statutory exemption.

1

4. Despite this statutory requirement, Defendant requires its Linehaul Service Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

5. Defendant's acts violate federal and Connecticut overtime laws and affect many of their Linehaul Service Managers, current and former. Accordingly, Plaintiff, on behalf of himself and all others similarly situated, brings this claim and seeks unpaid compensation, liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which he and the other Linehaul Service Managers are entitled.

## II.   Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. This Court has subject matter jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts complained of took place in this judicial district.

## III.   Parties

9. Plaintiff Michael Bozak is an individual residing and working in this judicial district. He has worked for Defendant since January, 2005.

10. Since September 2007, Plaintiff has held the position of Linehaul Service Manager. He is currently employed at Defendant's location in Willington, Connecticut.

11. Linehaul Service Managers are differentiated into Grades I-III. These grades are determined by tenure and pay and the duties carried out by these employees do not vary in any material way.

12. Defendant FedEx Ground Package System, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal headquarters in Coraopolis, Pennsylvania. Defendant is a subsidiary of the FedEx Corporation.

13. Defendant FedEx Ground Package System, Inc. is an employer within the meaning of the FLSA and the CMWA. It is the employer of Plaintiff and all other Linehaul Service Managers around the country.

## IV.    Collective Action Allegations

14. Plaintiff sues on behalf of himself and all other Linehaul Service Managers at all of Defendant's hubs around the country. This is an appropriate collective or representative action under 29 U.S.C. § 216(b). Plaintiff and the other Linehaul Service Managers are similarly situated in that they are all subject to Defendant's common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as described and defined by the job description and required by Defendant, is not exempt.

## V.    Facts

15. At all relevant times, Plaintiff worked as a Linehaul Service Manager for Defendant.

16. Defendant owns and operates approximately 30 "hubs" around the country, and employs four to seven Linehaul Service Managers at each hub.

17. There are many Linehaul Service Managers around the country who share a

common job title and description. They report directly to an Assistant Senior Manager and a Senior Manager in whom resides the real management authority of the hub.

18. The Linehaul department's task is to direct trailers and drivers to "hubs" and smaller facilities based on the destination of the packages contained therein. The service that this department provides to defendant's customers is to ensure the timely and accurate delivery of their packages.

19. Plaintiffs provide this service by the performance of such tasks as data entry, scheduling deliveries, dispatching trailers and drivers, checking paperwork, and completing counts of company equipment.

20. Defendant's corporate office issues store operations manuals with operating policies that apply uniformly to all stores nationwide.

21. Uniform operations manuals strictly prescribe the work performed by Plaintiffs, and the Assistant Senior Manager and Senior Manager closely scrutinize their compliance with these manuals and other corporate directives. These operational procedures are available online at each of Defendant's facilities, and are applicable to every Linehaul Service Manager on the corporate intranet.

22. Linehaul Service Managers are not allowed to perform these tasks outside of the strict limitations established by the various operations Manuals, company directives or their supervisors' instructions.

23. The duties performed by Linehaul Service Managers are listed on the "Linehaul Service Manager Daily Activity Process Check Worksheet."

24. The Linehaul Service Managers are rarely free from the close supervision and

micromanagement of Defendant's corporate office, which controls virtually every aspect of the hubs' day-to-day operations. Defendant, through its operations manuals and company directives, micro-manages many of the details of the operations of these hubs.

25. For example, Linehaul Managers spend much of their time performing a "yard check," which is a detailed inventory of all equipment belonging to Defendant on site. Defendant has provided uniform corporate forms and procedures for reconciling inventory.

26. Plaintiff and all other Linehaul Service Managers perform many of the same duties as hourly clerks on a daily basis. Both positions answer the phone and dispatch drivers, record information about drivers and issues relevant to the department, pay drivers extra for certain trips, process paperwork, *et cetera.*

27. In his position as a Linehaul Service Manager, Plaintiff and other Linehaul Service Managers, routinely work more than 40 hours per week.

28. In fact, Defendant mandates that its Linehaul Service Managers work at least 50 hours per week.

29. Linehaul Service Managers are classified as exempt by Defendant and are never paid overtime premium pay for the hours they work beyond 40 per week.

## LEGAL CLAIMS

**COUNT ONE:  VIOLATION OF THE FAIR LABOR STANDARDS ACT**

30. Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act in that it has known that the primary duty of its Linehaul Service

Managers has been to perform non-exempt work, known that they have worked more than 40 hours per week and knowingly failed to pay them any overtime premiums in violation of the law.

31. As a direct and proximate result of Defendant's willful violations of the FLSA, Bozak and all other similarly situated Linehaul Service Managers have suffered damages in that they have not received proper compensation in accordance the FLSA.

32. Plaintiff and all other similarly situated Linehaul Service Managers who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO:   VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

33. On August 21, 2009, Plaintiff filed a claim with the Connecticut Department of Labor contesting his classification as exempt from the overtime provisions of the CMWA.

34. On March 22, 2011, Plaintiff withdrew his complaint from the Connecticut Department of Labor in order to file suit in court.

35. The period of this claim begins on August 21, 2007, two years before Plaintiff filed his complaint with the Connecticut Department of Labor; and extends to March 22, 2011, when Plaintiff withdrew his complaint from that agency. The period of his claim begins anew with the filing of this Complaint.

36. Defendant's conduct in failing to pay overtime wages to Plaintiff arbitrary, unreasonable and/or in bad faith in that it has known that Plaintiff's primary duty has been to perform non-exempt work, known that he has worked more than 40

6

hours per week and knowingly failed to pay him any overtime premiums in violation of the law.

37. As a direct and proximate result of Defendant's willful violations of the CMWA, Bozak and has suffered damages in that he has not received proper compensation in accordance the CMWA.

38. Plaintiff is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

1. Unpaid overtime wages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

2. Liquidated damages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

3. An order Defendant FedEx Ground Package System, Inc. directing to supply the names and home addresses of the similarly situated Linehaul Service Managers to Plaintiff's counsel so that a notice can be sent to them inviting them to join this action;

4. Interest and costs;

5. Attorneys' fees under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

6. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

Michael Bozak, individually and on behalf of other similarly situated individuals,

By: /s/ Margaret B. Ferron
Margaret B. Ferron
**Hayber Law Firm, LLC**
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct28469
Attorney for Plaintiffs
(860) 522-8888
(860) 218-9555 (facsimile)
mferron@hayberlawfirm.com