**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **MICHAEL BOZAK and WILLIAM LAWSON, individually and on behalf of others similarly situated,** : : : : : **Plaintiffs,** : : **v.** : : : **FEDEX GROUND PACKAGE SYSTEM, INC.,** : : **Defendant.** : | **CIVIL ACTION NO:** **3:11-cv-00738-RNC** **FEBRUARY 4, 2014** |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiffs Michael Bozak ("Bozak") and William Lawson ("Lawson"), on their own behalf and on behalf of others similarly situated, by and through their undersigned counsel, hereby allege as follows:

**I.   Introduction**

1. This is a collective action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to remedy widespread violations by Defendant FedEx Ground Package System, Inc. that have deprived Plaintiffs, Service Managers in the company's Linehaul department, along with all other Service Managers in Defendant's Linehaul department ("Linehaul Service Managers"), of overtime wages to which they are entitled.

2. This Complaint is also brought under the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.*, on behalf of plaintiff Bozak individually.

3. Under the FLSA and the CMWA, employees must be paid 1.5 times their regular hourly rate for all hours worked over 40 in one week, unless they qualify for a statutory exemption.

4. Despite this statutory requirement, Defendant required its Linehaul Service Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

5. Defendant's acts violate federal overtime laws and affect many of their Linehaul Service Managers, current and former.

6. Defendant's acts violate plaintiff Bozak's rights to Connecticut overtime laws and affect many of current and former Linehaul Service Managers in the state.

7. Accordingly, Plaintiffs, on their own behalf and on behalf of all others similarly situated, bring this claim and seek unpaid compensation, liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which they and the other Linehaul Service Managers are entitled.

## II.     Jurisdiction and Venue

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has subject matter jurisdiction over plaintiff Bozak's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the FLSA claim that it forms part of the same case or controversy.

10. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts complained of took place in this judicial district.

### III.     Parties

11. Plaintiff Michael Bozak is an individual residing and working in this judicial district. He worked for Defendant from January 2005 through September 2011.

12. From September 2007 through September 2011, plaintiff Bozak held the position of Linehaul Service Manager. He was employed at Defendant's location in Willington, Connecticut.

13. Plaintiff William Lawson is an individual residing in Sparks, Nevada. He worked for Defendant from April 1998 through July 2013. He was employed at Defendant's location in Reno, Nevada.

14. From approximately 2006 through July 2013, plaintiff Lawson held the position of Linehaul Service Manager.

15. Linehaul Service Managers are differentiated into Grades I-III. These grades are determined by tenure and pay and the duties carried out by these employees do not vary in any material way.

16. Defendant FedEx Ground Package System, Inc., is a corporation organized and existing under the laws of the state of Delaware, with its principal headquarters in Coraopolis, Pennsylvania. Defendant is a subsidiary of the FedEx Corporation.

17. Defendant FedEx Ground Package System, Inc. is an employer within the meaning of the FLSA and the CMWA. It is the employer of Plaintiffs and all other Linehaul Service Managers around the country.

### IV.     Collective Action Allegations

18. Plaintiffs sue on their own behalf and on behalf of all other Linehaul Service Managers at all of Defendant's hubs around the country. This is an appropriate

collective or representative action under 29 U.S.C. § 216(b).  Plaintiffs and the other Linehaul Service Managers are similarly situated in that they were all subject to Defendant's common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as described and defined by the job description and required by Defendant, is not exempt.

**V.     Facts**

19. At all relevant times, Plaintiffs worked as Linehaul Service Managers for Defendant.

20. Defendant owns and operates approximately 30 "hubs" around the country, and employs four to seven Linehaul Service Managers at each hub.

21. There are many Linehaul Service Managers around the country who share a common job title and description.  They report directly to an Assistant Senior Manager and a Senior Manager in whom resides the real management authority of the hub.

22. The Linehaul department's task is to direct trailers and drivers to "hubs" and smaller facilities based on the destination of the packages contained therein.  The service that this department provides to defendant's customers is to ensure the timely and accurate delivery of their packages.

23. Plaintiffs provide this service by the performance of such tasks as data entry, scheduling deliveries, dispatching trailers and drivers, checking paperwork, and completing counts of company equipment.

24. Defendant's corporate office issues store operations manuals with operating policies that apply uniformly to all stores nationwide.

25. Uniform operations manuals strictly prescribe the work performed by Plaintiffs, and the Assistant Senior Manager and Senior Manager closely scrutinize their compliance with these manuals and other corporate directives. These operational procedures are available online at each of Defendant's facilities, and are applicable to every Linehaul Service Manager on the corporate intranet.

26. Linehaul Service Managers are not allowed to perform these tasks outside of the strict limitations established by the various operations manuals, company directives or their supervisors' instructions.

27. The duties performed by Linehaul Service Managers are listed on the "Linehaul Service Manager Daily Activity Process Check Worksheet."

28. The Linehaul Service Managers are rarely free from the close supervision and micromanagement of Defendant's corporate office, which controls virtually every aspect of the hubs' day-to-day operations. Defendant, through its operations manuals and company directives, micro-manages many of the details of the operations of these hubs.

29. For example, Linehaul Managers spend much of their time performing a "yard check," which is a detailed inventory of all equipment belonging to Defendant on site. Defendant has provided uniform corporate forms and procedures for reconciling inventory.

30. Plaintiffs and all other Linehaul Service Managers perform many of the same duties as hourly clerks on a daily basis. The duties of both positions include answering the phone and dispatching drivers, recording information about drivers

and issues relevant to the department, paying drivers extra for certain trips and processing paperwork.

31. As Linehaul Service Managers, Plaintiffs and other Linehaul Service Managers, routinely work more than 40 hours per week.

32. In fact, Defendant mandates that its Linehaul Service Managers work at least 50 hours per week.

33. Until approximately April 2013, Defendant classified Linehaul Service Managers as exempt and never paid them overtime premium pay for the hours they work beyond 40 per week.

## LEGAL CLAIMS

### COUNT ONE:    VIOLATION OF THE FAIR LABOR STANDARDS ACT

34. Defendant's conduct in this regard was a willful violation of the Fair Labor Standards Act in that it has known that the primary duty of its Linehaul Service Managers has been to perform non-exempt work, known that they have worked more than 40 hours per week and knowingly failed to pay them any overtime premiums in violation of the law.

35. As a direct and proximate result of Defendant's willful violations of the FLSA, plaintiffs Bozak, Lawson and all other similarly situated Linehaul Service Managers have suffered damages in that they have not received proper compensation in accordance the FLSA.

36. Plaintiffs and all other similarly situated Linehaul Service Managers who opt into this litigation are entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

### COUNT TWO: VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

37. On August 21, 2009, plaintiff Bozak filed a claim with the Connecticut Department of Labor contesting his classification as exempt from the overtime provisions of the CMWA.

38. On March 22, 2011, plaintiff Bozak withdrew his complaint from the Connecticut Department of Labor in order to file suit in court.

39. The period of this claim begins on August 21, 2007, two years before plaintiff Bozak filed his complaint with the Connecticut Department of Labor; and extends to March 22, 2011, when plaintiff Bozak withdrew his complaint from that agency. The period of his claim begins anew with the filing of this Complaint.

40. Defendant's conduct in failing to pay overtime wages to plaintiff Bozak was arbitrary, unreasonable and/or in bad faith in that it knew that plaintiff Bozak's primary duty had been to perform non-exempt work, knew that he had worked more than 40 hours per week and knowingly failed to pay him any overtime premiums in violation of the law.

41. As a direct and proximate result of Defendant's willful violations of the CMWA, plaintiff Bozak suffered damages in that he did not receive proper compensation in accordance the CMWA.

42. Plaintiff Bozak is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs claim:

1. Unpaid overtime wages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

2. Liquidated damages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

3. An order directing Defendant FedEx Ground Package System, Inc., to supply the names and home addresses of the similarly situated Linehaul Service Managers to Plaintiffs' counsel so that a notice can be sent to them inviting them to join this action;

4. Interest and costs;

5. Attorneys' fees under the Fair Labor Standards Act and the Connecticut Minimum Wage Act,

6. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

Dated: February 4, 2014
New York, New York

By: */s/ Justin M. Swartz*
**OUTTEN & GOLDEN LLP**
Justin M. Swartz (phv03853)
Ossai Miazad (phv05034)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**HAYBER LAW FIRM, LLC**
Richard E. Hayber (ct11629)
Margaret Ferron (ct28469)
221 Main Street
Hartford, Connecticut 06106
Telephone: (860) 522-8888

*Attorneys for Plaintiffs and the Putative Collective*

**CERTIFICATION OF SERVICE**

I hereby certify that on **February 4, 2014** a copy of the foregoing document was filed electronically [and service made by certified mail to anyone unable to accept electronic filing]. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by certified mail for anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

                              */s/ Justin M. Swartz*
                              Justin M. Swartz